IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN,

    Plaintiff,

v.

DR. R. BOWMAN, et al.,

    Defendants.
                                          /

No. C 09-0713 SBA (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner currently being held in Central Arizona Detention Center in Florence, AZ, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his incarceration at Salinas Valley State Prison (SVSP) from 2007 to 2008.

Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names Defendants SVSP Associate Warden and Physician R. Bowman, Physician S. Pajong and Registered Nurse L. Fox. Plaintiff seeks monetary damages and injunctive relief.

## BACKGROUND

In October, 2007, Plaintiff injured his back while "lift[ing] up the mop bucket with water." (Log no. SVSP-08-00631.) As a result, Plaintiff experienced back pain.

On February 28, 2008, Defendant Pajong denied Plaintiff "access to programs and services under ADA-RA." (Compl. at 3-B.) Defendant Pajong also denied Plaintiff "adequate medical care" and "treatment and therapy." (Id.)

On August 24, 2008, Defendant Bowman denied Plaintiff's "request of access to programs and services under ADA-RA." (Id. at 3-A.) Defendant Bowman also denied Plaintiff "adequate medical care," "treatment and therapy" and "medical supplies." (Id.)

On April 01, 2008, Defendant Fox denied Plaintiff "access to programs and services under ADA-RA." (Id. at 3-C.)  Defendant Fox also denied Plaintiff "all medical care," "treatment and rehabilitation therapy" and "medical supplies." (Id.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Injunctive Relief

Plaintiff seeks injunctive relief in the form of immediate medical care. (Compl. at 3-C.) The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented. Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.

See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

Because all Plaintiff's claims for injunctive relief are against SVSP officials and he is no longer incarcerated at SVSP, his claims are DISMISSED as moot. See Mitchell, 75 F.3d at 528.

### B.   Deliberate Indifference to Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that Defendants Bowman, Pajong and Fox were deliberately indifferent to his serious medical needs when they denied him "access" to medical care, rehabilitation therapy, and programs and services. However, Plaintiff does not allege that Defendants were aware of Plaintiff's serious medical need. Therefore, Plaintiff has not stated a cognizable deliberate indifference claim against Defendants Bowman, Pajong and Fox. Accordingly, the Court DISMISSES Plaintiff's claim of deliberate indifference to serious medical needs with leave to amend. Plaintiff may reassert this claim against Defendants Bowman, Pajong and Fox in an amended complaint if he can, in good faith, allege facts demonstrating that Defendants knew Plaintiff faced a "substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it." Farmer, 511 U.S. at 837.

### C.   Equal Protection

Plaintiff alleges that Defendant Bowman discriminated against Plaintiff with regard to

"medical access and rehabilitation programs." (Compl. at 3A.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

Plaintiff does not allege that Defendant Bowman denied Plaintiff access to treatment and rehabilitation programs on the basis of his membership in a suspect class -- i.e., on the basis of his race. Therefore, Plaintiff has not stated a cognizable equal protection claim against Defendant Bowman. Accordingly, the Court DISMISSES Plaintiff's equal protection claim with leave to amend. Plaintiff may reassert this claim against Defendant Bowman in an amended complaint if he can, in good faith, allege facts demonstrating Defendant Bowman "acted at least in part because of plaintiff's membership in a protected class." Serrano, 345 F.3d at 1081-82.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED at moot.

2. Plaintiff has failed to state a cognizable claim of deliberate indifference to serious medical needs against Defendants Bowman, Pajong and Fox. Accordingly, Plaintiff's deliberate indifference claim is DISMISSED with leave to amend. If Plaintiff intends to pursue an exhausted deliberate indifference claim against these Defendants, he shall file an amended complaint containing such allegations, as instructed above.

4

3.   Plaintiff has failed to state a cognizable Equal Protection claim against Defendant Bowman. Accordingly, Plaintiff's equal protection claim is DISMISSED with leave to amend. If Plaintiff intends to pursue an exhausted equal protection claim against Defendant Bowman, he shall file an amended complaint containing such allegations, as instructed above.

4.   No later than **thirty (30) days** of the date of this Order, Plaintiff may file an amended complaint, if he can in good faith allege sufficient facts to state cognizable deliberate indifference and equal protection claims. He should submit the complaint on the attached blank civil rights complaint form, clearly label the complaint an "Amended Complaint," and write in the case number for this action (CV 09-0713 SBA (PR)) on the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

**If Plaintiff fails to file an amended complaint within the thirty-day period, his complaint will be dismissed without prejudice.**

5.   The Clerk of the Court shall send Plaintiff a blank § 1983 civil rights complaint form.

IT IS SO ORDERED.

DATED: 5/2/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Marroquin0713.DWLA.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO ANTONIO MARROQUIN,

        Plaintiff,

  v.

MD BOWMAN et al,

        Defendant.

Case Number: CV09-00713 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Antonio Marroquin T-86698
La Palma Correctional Center, MA
5501 N. La Palma Road
Eloy, AZ 85131

Dated: May 3, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Marroquin0713.DWLA.wpd