UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN, | No. C 09-0713 SBA (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| DR. R. BOWMAN, et al., | |
| Defendants. | |

This federal civil rights action was dismissed on September 1, 2011. Plaintiff now moves for reconsideration and to set aside the judgment (Docket No. 14). Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)). Here, plaintiff's request contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law. He merely reargues issues fully addressed in the Court's order of dismissal.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse

G:\PRO-SE\SBA\CR.09\Marroquin713.recon.md

1  party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason
2  justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th
3  Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds
4  justifying relief are extraordinary.  See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d
5  1338, 1341 (9th Cir. 1981).  Here, plaintiff's request contains no showing of newly-discovered
6  evidence, nor
7  does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or
8  voiding of the judgment; plaintiff offers no other reason justifying relief.  He merely reargues issues
9  fully addressed in the Court's order of dismissal.
10         Based on the foregoing, the motion for reconsideration is hereby DENIED.  The Clerk shall
11  terminate Docket No. 14.
12         IT IS SO ORDERED.
13  DATED:   9/28/12
14                                                              *signature*
       SAUNDRA BROWN ARMSTRONG
15     United States District Judge

G:\PRO-SE\SBA\CR.09\Marroquin713.recon.md 2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO ANTONIO MARROQUIN,

        Plaintiff,

  v.

MD BOWMAN et al,

        Defendant.

Case Number: CV09-00713 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Antonio Marroquin T-86698
La Palma Correctional Center, MA
5501 N. La Palma Road
Eloy, AZ 85131

Dated: October 9, 2012

                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Marroquin713.recon.md 3